**PARK SOUTH TENANTS CORPORATION,**
Plaintiff,

v.

**200 CENTRAL PARK SOUTH ASSOCIATES, L.P., Bernard Spitzer, Jack Lipman and Melvin D. Lipman, Defendants.**

No. 89 Civ. 8251 (WCC).

United States District Court,
S.D. New York.

Jan. 17, 1991.

As Amended Feb. 8, 1991.

Teitelbaum, Hiller, Rodman, Paden & Hibsher, P.C. (Robert Hermann, of counsel), New York City, for plaintiff.

Lowenthal, Landau, Fischer & Ziegler, P.C. (Robert D. Levin, Jonathan Honig, of counsel), New York City, for defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff Park South Tenants Corporation ("Park South") moves for reconsideration of the Court's Opinion and Order, dated October 12, 1990, dismissing plaintiff's claim for damages and declaratory relief under Section 3607 of the Condominium and Cooperative Protection and Abuse Relief Act of 1980 (the "Act"), 15 U.S.C. § 3601 *et seq.* against defendants 200 Central Park South Associates (the "Sponsor") and Bernard Spitzer, Jack Lipman and Melvin D. Lipman, as individuals and as directors of plaintiff (collectively, the "Directors"). Plaintiff makes its motion pursuant to Rules 59(e), 60(a), and 60(b), Fed. R.Civ.P. In petitioning the Court for reargument under Local Civil Rule 3(j), plaintiff asks the Court to pass judgment on the issue of defendants' entitlement to a rent reduction for the property it continues to rent from plaintiff.

This Court has carefully considered "the matters [and] controlling decisions" which plaintiff "believes the court has overlooked." Local Rule 3(j); *accord Ruiz v. The Commissioner of the Department of Transportation of the City of New York,* 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd* 858 F.2d 898 (2d Cir.1988). Upon reflection, the Court concludes that its prior dismissal of plaintiff's damage claim and affiliated pendent claims was proper and that there is no reason to amend its prior holding. The Court further denies plaintiff's request for "[a]n order establishing the annual rental amount to be paid" by defendant to plaintiff for the relevant rental property.

### Background

Familiarity with the Court's opinion of October 12, 1990 is presumed. This matter concerns the termination by plaintiff of a portion of a long-term master commercial lease dated January 16, 1984 (the "Lease"), between plaintiff, as lessor, and defendant 200 Central Park South Associates, L.P., as lessee. The Lease pertained to the garage beneath the apartment building at 200 Central Park South (the "Building") in addition to two retail stores and nineteen professional offices. The Lease was executed at a time when the lessee controlled the lessor.

In accordance with its rights under the Act, on December 5, 1989 plaintiff elected to terminate that portion of the Lease pertaining to the garage pursuant to a vote of the shareholders representing 105 of the 120 apartment units in the Building. Termination was to be effective ninety days from the date of notice. Complaint, ¶ 19. Defendants relinquished control of the garage as of the end of March 1990, without protest.[1] Plaintiff commenced this action simultaneously with the delivery of the notice of termination on December 12, 1989.

Plaintiff's amended complaint dated June 15, 1990 alleged three claims upon which relief could be granted: (1) a claim for money damages under the Act for an amount equal to the difference between what the Sponsor paid to the Apartment Corporation for the Garage and the fair market rental value of the Garage between the date of the Lease, January 16, 1984, and the date on which the Lease, as applied to the Garage, was effectively terminated, March 13, 1990, (2) a request under 28 U.S.C. § 2201 for a judgment declaring the Lease to have been validly terminated under § 3607 of the Act, and (3) a claim that the individual defendants, serving as di-

---

**1.** Defendant Bernard Spitzer, in his sworn affidavit of July 25, 1990, stated:

> In fact, defendants did not contest (nor ever notify plaintiff that 200 Central Park South would contest) plaintiff's right to terminate the Garage portion of the Lease. Rather, 200

Central Park South promptly notified plaintiff that the Garage would be turned over to plaintiff and 200 Central Park South did indeed turn over the Garage to plaintiff on the termination date requested by plaintiff.

Spitzer Affidavit, at 7.

rectors of the Apartment Corporation while they were principals of the lessee, breached their duties as fiduciaries under New York Law in perpetuating the Lease to their own financial benefit and to the financial detriment of the lessor Apartment Corporation.

This Court dismissed plaintiff's claims in its Order and Opinion dated October 12, 1990.

## Discussion
### Standard for Reargument

■ The standard for granting a motion for reargument is strict in order to preclude repetitive arguments on issues that have already been considered fully by the Court. *Ruiz v. Commissioner of D.O.T. of City of New York,* at 890. Such motions may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision. *Caleb & Co. v. E.I. Du-Pont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985) (citing *New York Guardian Mortgagee Corp. v. Cleland,* 473 F.Supp. 409, 420 (S.D.N.Y.1979)).[2] After careful review, the Court concludes that plaintiff's contentions on reargument fail to meet this standard. Accordingly, the motion is denied.

### Plaintiff's Motion for Reargument

■ In moving the Court to reconsider its prior opinion in this case, plaintiff argues that the Court should adjudicate the issue of the post-termination rent as a matter within its jurisdictional authority. The Court disagrees. Jurisdiction under the Act and the authority to grant relief thereunder is not triggered by a lease termination per se, but rather by a violation of a party's right of termination as provided for under the Act.[3] Where a developer acts to

**2.** The cited cases applied the standard set forth above to motions for reargument pursuant to local Rule 3(j). A motion for reconsideration pursuant to Rule 59(e), Fed.R.Civ.P., is addressed to the. sound discretion of the trial court. *E.g., McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983).

**3.** 15 U.S.C. § 3611 provides:

frustrate a party's statutorily recognized right of termination, federal jurisdiction under the Act is retained by the Court and appropriate remedial relief under the Act may be considered. Such relief may include the affirmation of a party's right to terminate such lease pursuant to § 3607 of the Act, *see 181 East 73rd Street Co. v. 181 East 73rd Tenants Corp.,* No. 87–3362, slip op., 1988 WL 45634 (S.D.N.Y. May 2, 1988), as well as monetary or equitable relief where "actual damages have been suffered." 15 U.S.C. § 3611(b). Such equitable relief may include a court-ordered rent abatement upon the partial termination of a Lease under the Act.

■ However, as in the instant case, where the Court finds no violation of plaintiff's rights under the Act nor any effort on the part of defendants to question the validity of plaintiff's termination of the Lease, there is no jurisdictional predicate upon which the Court can determine defendants' right to a rent reduction. The Court, reaffirming its earlier decision to grant defendants' motion for summary judgment, cannot now identify a triable issue of fact with respect to plaintiff's rights under the Act which would empower it to consider plaintiff's request for relief. The Court, therefore, reconfirms its original Opinion in which it held that it

... will not place liability upon defendants for the defendant Sponsor's exercise of control over the coop at a level contemplated by federal statute and, more importantly, not in conflict with any of plaintiff's statutory rights. Only upon defendant Sponsor's surrender of such control would plaintiff's right of termination under Section 3607 have accrued—and only upon interference therewith, could a violation be alleged.

*Additional Remedies*
**Suits at law or equity**
   (a) Unless otherwise limited as in section 3607 or 3608 of this title, any person aggrieved by a violation of this chapter may sue at law or in equity.
**Recovery of actual damages**
   (b) In any action authorized by this section for a violation of section 3607 or 3609 of this title where actual damages have been suf-

*Park South Tenants Corporation v. 200 Central Park South Associates, L.P.,* 748 F.Supp. 208, 213 (S.D.N.Y.1990).

Given that (a) no "violation" can be demonstrated, (b) the validity of the Lease termination is unquestioned, and (c) plaintiff cannot demonstrate "actual damages" caused by such violation, as required by the "additional remedies" provision of Section 3611 of the Act, the Court is left without the statutory prerequisite to oblige plaintiff's request for a determination of defendants' entitlement to a rent reduction.

The statutory language of the Act makes the Court's denial of plaintiff's demands for remedial assistance obligatory and not discretionary. Section 3612 of the Act, which provides federal district courts with "jurisdiction under this chapter" to adjudicate "actions at law or in equity brought under this chapter," must be read in conjunction with Section 3611, which provides that suit may be brought under the Act by a "person aggrieved by a violation of [section 3607 or 3608 of] this chapter." 15 U.S.C. § 3611. Section 3611 further provides that "other relief [may be] granted" where "actual damages have been suffered." Because plaintiff is not aggrieved by any such violation of the Act, no showing of resulting damages could be made. That being the case, this Court's prior dismissal of plaintiff's action is reaffirmed by this Court on plaintiff's motion for reconsideration.

This case differs from those cited by plaintiff in its Memorandum of Law in Support of its Motion to Reargue. Both *Brabert Realty Co. v. 20125 Owners Corp.,* 703 F.Supp. 314 (S.D.N.Y.1989) and *181* *East 73rd Street Co. v. 181 East 73rd Tenants Corp.,* No. 87–3362, Slip. op. (S.D. N.Y. May 2, 1988) involve situations in which a lease termination was challenged by a condominium sponsor as invalid under the Act and the owner-lessor filed suit for relief.[4] In both *Brabert* and *181 East 73rd Street,* after passing judgment on the validity of the controverted lease termination, the Court was obliged to rule on plaintiff's demands for equitable relief under § 3611 of the Act. That is not the case here.

Because there is no justiciable issue with respect to the termination of the portion of the Lease demising the garage space, the issue of residual rent is one that must be left for the parties to resolve themselves by negotiation or for a state court to resolve as a "landlord-tenant" dispute.[5] With respect to plaintiff's demand for a declaratory judgment under 28 U.S.C. § 2201 as to the validity of the lease termination, the Court concludes that such demand is superfluous. This Court concluded in its Order and Opinion of October 12, 1990, that defendants' uncontested acquiescence to plaintiff's lease termination did not constitute any violation of plaintiff's rights under the Act and that plaintiff's termination was undertaken in accordance with the requirements of the Act and was therefore valid. If such implicit determination of the validity of the lease termination was not sufficiently clear, this restatement should remedy the deficiency.

### Conclusion

For the reasons stated above, plaintiff's motion for reconsideration pursuant to Fed. R.Civ.P. 59(e), Fed.R.Civ.P. 60(a), and Fed. R.Civ.P. 60(b) is denied. Plaintiff's request

---

fered, such damages may be awarded or such other relief granted as deemed fair, just, and equitable.

4. The situation in *Brabert* involved a developer's attempt to void a notice of termination of a lease covering a parking garage and in no way resembles the scenario here, where a developer yielded to the exercise of a party's rights under the Act. Similarly, in *181 East 73rd Street,* a challenge to a lease termination made under the Act provided the Court a jurisdictional basis upon which to draw subsequent conclusions as to issues of rent apportionment.

5. While the Court appreciates plaintiff's desire to avoid additional state court proceedings in this matter and the associated legal expenses, it should be noted that this action could have been brought in the state court from the start. Section 3612 of the Act provides for concurrent state and federal jurisdiction of disputes under the Act. Defendant correctly points out that in cases such as this one, where the issue to be determined is essentially a "landlord-tenant" dispute, state court resolution is appropriate.

for reargument under Local Civil Rule 3(j) is also denied.[6]

SO ORDERED.

---

**6.** The Court's denial of plaintiff's motion is not to be construed as a determination on the mer-

its of defendant-Sponsor's entitlement to a rent reduction.