**Christine and Hasan ALKATABI, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE, et al., Defendants.**

**No. 91–CIV–1161 (LJF).**

United States District Court, S.D. New York.

Oct. 30, 1991.

Opinion and Order on Motion for Reargument Nov. 4, 1991.

Hasan Alkatabi, pro se.

Otto G. Obermaier, U.S. Atty. by James A. O'Brien, III, Asst. U.S. Atty., S.D.N.Y., New York City, for defendants.

## OPINION AND ORDER

FREEH, District Judge.

In this action, plaintiffs Christine and Hasan Alkatabi claim that the Immigration and Naturalization Service (the "INS") and several INS examiners discriminated against them on the basis of race in violation of the 5th Amendment by delaying the granting of Mrs. Alkatabi's immediate relative petition on behalf of her husband, Hasan.[1] (Complaint ¶ 18)[2]. Defendants have moved for summary judgment. For the reasons stated below, defendants' motion is granted.

## FACTS

Plaintiff Christine Alkatabi is a United States citizen, but her husband is a native of Yemen. On March 27, 1987, Mrs. Alkatabi filed an immediate relative petition with the INS, seeking to have her husband declared a permanent resident of the United States. In support of the immediate relative petition, the Alkatabis submitted a

---

1. Plaintiffs also contend that defendants' conduct violated the United Nations Charter and "international law." It would appear that plaintiffs do not have standing to assert these doctrines. Even if they did, however, plaintiffs have failed to plead the alleged violations in sufficient detail.

2. All citations to the complaint refer to the proposed amended complaint submitted by the plaintiffs in conjunction with their motion for leave to file that amendment. During a pretrial conference on September 30, 1991, the Court granted the plaintiffs' motion and accepted the amended complaint as submitted.

copy of Mr. Alkatabi's Yemen divorce decree from a prior marriage. In July 1987, the INS examiner handling the petition, defendant Frank Lucas ("Lucas"), sent a copy of the decree to the United States Consular offices in Yemen for verification.

The following month, Mr. Alkatabi applied to the INS for "advance parole," or permission to leave the country temporarily and re-enter with the same alien status as he held previously. Mr. Alkatabi sought to return to Yemen to visit his mother, who was ill. The request for advance parole was denied, however, because Mr. Alkatabi did not submit any evidence of his mother's medical condition and relied solely on a telegram that appeared to have been fabricated.

In September 1987, the Yemen Consulate informed the INS that Mr. Alkatabi's divorce decree was invalid. When Mr. Alkatabi reapplied for advance parole in November 1987, the INS again denied the request, based on the invalidity of the divorce decree. *See Massoud v. Attorney General of the United States,* 459 F.Supp. 672, 676–77 (W.D.Mo.1978) (INS's decision to deny advance parole where applicant cannot make a prima facie showing of eligibility for remaining in the United States not arbitrary and capricious).

The Alkatabis eventually retained counsel, Barbara Nelson, who reapplied for advance parole on Mr. Alkatabi's behalf, claiming that he had further evidence of his divorce. That application and several subsequent requests were all denied because the Alkatabis failed to present official documents evidencing the Yemen divorce. In March 1988, the Alkatabis dismissed Ms. Nelson as counsel.

On April 14, 1988, before a final decision was issued on the Alkatabi's immediate relative petition, Mr. Alkatabi filed a Form I–700 application, seeking admission to the United States as a "special agricultural worker" (the "SAW" application). 8 U.S.C. § 1160. Mr. Alkatabi's INS administrative file was then transferred to the INS Legalization Branch at the Eastern Regional Office in St. Albans, Vermont. On January 9, 1989, the INS notified Mr. Alkatabi of its intent to deny his SAW application. Mr. Alkatabi responded with more information in support of that application, which was nonetheless denied on February 5, 1990.

After repeated requests by the Alkatabis and letters of inquiry on their behalf from Senator Alphonse D'Amato's office, in November 1990 the INS consolidated Mr. Alkatabi's two administrative files (for the SAW application and immediate relative petition) and transferred them to the INS's District Office in New York City. During telephone conversations with the Alkatabis in early December 1990, INS Supervisory Examiner Irma Williams ("Williams") explained that the delay in processing their immediate relative petition was caused by the file transfer required to address Mr. Alkatabi's SAW application. At that time, Williams also denied the Alkatabis' request to replace Lucas as their assigned examiner because, despite the Alkatabis' allegations, she had no reason to believe that Lucas was prejudiced against them.

On December 6, 1990, the INS notified the Alkatabis of its intent to deny their immediate relative petition based on their failure to submit official documents evidencing Mr. Alkatabi's Yemen divorce. The Alkatabis apparently failed to offer, in a timely manner, evidence in opposition to the denial, and their petition was subsequently denied.[3] However, in response to further requests by the Alkatabis to the INS New York District Director, among others, the Alkatabis were permitted to submit additional evidence regarding the Yemen divorce and on February 5, 1991,

---

**3.** Some confusion was generated during this time because INS examiner Scott Miller ("Miller") replaced Lucas on the case when Lucas was away on a detail assignment, and he was the examiner that actually issued the denial of the Alkatabis' petition. In addition, the Alkatabis had contact with INS New York District Director William Slattery ("Slattery"), INS New York Deputy Assistant Director for Examinations Richard D. Berryman ("Berryman") and INS Supervisory Examiner Irma Williams ("Williams"). It appears that some of the delay in determining the Alkatabis' petition resulted from having so many INS employees participating in the process, which led to some miscommunications between the parties.

the Alkatabis' immediate relative petition was granted. Several weeks later, the Alkatabis commenced this action, alleging that the delay in deciding their petition was discriminatory and violated their constitutional rights. Defendants now move for summary judgment.

## DISCUSSION

The Alkatabis seek money damages for injuries allegedly caused by the INS and its employees, claiming that the agency unlawfully discriminated against them by delaying the processing of their immediate relative petition. Under 28 U.S.C. § 1331, United States district courts have jurisdiction to hear "all civil actions arising under the Constitution." That rule is limited by the doctrine of sovereign immunity, however, which protects the United States from liability unless consent to sue is given. *Block v. North Dakota ex rel. Board of University and School Lands,* 461 U.S. 273, 280, 103 S.Ct. 1811, 1816, 75 L.Ed.2d 840 (1983); *Keene Corp. v. United States,* 700 F.2d 836, 838 n. 3 (2d Cir.1983), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

■ To the extent that the Alkatabis are suing the INS and the individual examiners in their official capacity, this is an action against the United States, because any monies owed by the defendants would be paid out of government funds. *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947) (action is against the sovereign if the "essential nature and effect of the proceeding [is] such as to make plain that the judgment sought would expend itself on the public treasury or do-

main ...."), *overruled by implication on other grounds, Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Thus, in order for the Alkatabis to proceed against the agency and the individual defendants in their official capacity, they must rely on some waiver of sovereign immunity. *Huntington Towers, Ltd. v. Franklin National Bank,* 559 F.2d 863, 869–70 (2d Cir. 1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978). The Alkatabis have alleged no such waiver, and the government claims that no statutory basis for waiver of immunity applies. Because the plaintiffs are proceeding *pro se,* the Court will, on its own initiative, consider whether the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* provides any basis for relief here.[4]

■ The FTCA provides that sovereign immunity is waived and that federal courts have jurisdiction to hear all cases seeking money damages for injuries caused by the wrongful or negligent act of government employees acting within the scope of their employment. Arguably, the excessive processing delay about which the Alkatabis complain constitutes negligence on the part of INS employees. The FTCA further states, however, that a claim may not be initiated under the Act unless the claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...." 28 U.S.C. § 2675(a). The Alkatabis have not pursued agency relief prior to initiating this lawsuit. Because they have not satisfied the statutory requirements, an FTCA action against the INS cannot be maintained.[5]

**4.** The Court only considers the FTCA because no other statutory basis for relief appears to be available. Even if the Alkatabis had relied on the Administrative Procedure Act ("APA"), 5 U.S.C. § 701–706, it is well-established that the APA "does not afford an implied grant of subject-matter-jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).

**5.** Accordingly, we must also dismiss the Alkatabis' claim that the INS examiners violated their privacy rights by allowing an unauthorized per-

son to view their INS file. The Alkatabis admit that the person who was given the file is an attorney who had thought he had been retained by Mr. Alkatabi to assist with his SAW application. (Complaint ¶ 11). The INS employees may have been negligent in mailing documents to the law firm after the Alkatabis signed a statement verifying that they would be proceeding without counsel. In order to pursue that claim, however, the Alkatabis must comply with the requirements of the FTCA, which they have not done.

■ In addition to the agency, the Alkatabis have named three INS employees as defendants, but do not specify whether those employees are being sued in their individual or official capacities. Even assuming, however, that the Alkatabis are proceeding against the INS examiners in their individual capacities, the Alkatabis have not stated a claim for which relief can be granted.[6] Fed.R.Civ.P. 12(b)(6).

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a cause of action for money damages against individual federal law enforcement agents for alleged violations of the plaintiff's fourth amendment rights. That rule was later extended to violations of the due process clause of the 5th Amendment, the constitutional provision relied upon by the Alkatabis. *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

In recent years, the Supreme Court has limited *Bivens* actions and has held that no cause of action will exist when "the design of a government program suggests that Congress has what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." If there is any indication that Congress' failure to provide such remedial measures was not "inadvertent," *Bivens* relief is not available. *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988).

■ The Alkatabis have not demonstrated that they have no form of relief available to them other than this lawsuit. Even if they had, however, the Alkatabis have not alleged sufficient facts to demonstrate discriminatory intent on the part of the defendant INS examiners, a necessary element of any discrimination claim. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977) (proof of "racially discriminatory intent or purpose" required to establish unconstitutional discrimination); *Soberal–Perez v. Heckler*, 717 F.2d 36, 41–42 (2d Cir.1983) (same), *cert. denied*, 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984).

Moreover, in this Circuit "[d]iffuse and expansive allegations [of a constitutional violation] are insufficient, unless amplified by specific instances of misconduct ..." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977). The Alkatabis have provided no such specific evidence of misconduct. The complaint states only the following: that defendants John Marsh and Frank Lucas individually told the Alkatabis that they should leave the country to work out their problems with INS (Complaint ¶ 4); and that Lucas made an unsympathetic remark to Mrs. Alkatabi when she was upset by the denial of Mr. Alkatabi's request for advance parole. (*Id.*). Even looking at the evidence in the light most favorable to the Alkatabis, as is required, neither of these statements indicate discriminatory intent on the part of the INS officers.

Because the Alkatabis have not pled any waiver of sovereign immunity and have not complied with the requirements of the FTCA, their complaint against the INS and the individual defendants in their official capacity must be dismissed. In addition, the Alkatabis cannot proceed against the individual defendants in their individual capacity because the Alkatabis have not demonstrated that those defendants intended to discriminate against the Alkatabis on the basis of race. Accordingly, defendants are entitled to judgment on all counts as a matter of law.

SO ORDERED.

---

6. Even if the Alkatabis had stated a facially valid claim, they could not proceed against the individual defendants. Because the duties of the named officers were very clearly connected with the judicial process, those officers would be entitled to absolute immunity. *See Butz v. Economou*, 438 U.S. 478, 512–17, 98 S.Ct. 2894, 2913–16, 57 L.Ed.2d 895 (1978). Public policy requires this protection to enable such officers to function independently and effectively, without fear of harassment. *See Cleavinger v. Saxner*, 474 U.S. 193, 201–02, 106 S.Ct. 496, 500–01, 88 L.Ed.2d 507 (1985); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Dorman v. Higgins*, 821 F.2d 133, 136 (2d Cir.1987); *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir.1986).

## OPINION AND ORDER ON MOTION FOR REARGUMENT

On October 30, 1991, this Court granted defendants' motion for summary judgment in the above-captioned action. Plaintiffs Christine and Hasan Alkatabi have submitted a letter to the Court questioning that decision. The Court will treat plaintiffs' November 1, 1991 letter as a motion for reargument pursuant to Local Rule 3(j). For the reasons stated below, plaintiffs' motion for reconsideration is denied.

### DISCUSSION

The standard for granting a motion for reconsideration under Local Rule 3(j) is strict, in order to avoid repetitive arguments on issues that have already been fully considered by the Court. Such motions may be granted "only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." *Park South Tenants Corp. v. 200 Central Park South Associates*, 754 F.Supp. 352, 354 (S.D.N.Y.1991) (*citing Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985), *aff'd*, 941 F.2d 112 (2d Cir.1991).

In their motion for reconsideration, plaintiffs have not raised any factual matters or controlling case law that the Court did not already consider when ruling on defendants' motion for summary judgment. In the absence of a new legal or factual claim, however, reargument of the case would serve no purpose. Accordingly, plaintiffs' motion is denied.

SO ORDERED.