**SALIM OLEOCHEMICALS, INC., Plaintiff,**

v.

**M/V SHROPSHIRE, et al., Defendants.**

**No. 97 CIV 3093(NRB).**

United States District Court, S.D. New York.

June 26, 2001.

Harold M. Kingsley, Esq., Kingsley & Kingsley, Hicksville, NY, for Plaintiff.

J. Scot Provan, Esq., Kirlin, Campbell, Meadows & Keating, New York City, for Defendant.

## ORDER

BUCHWALD, District Judge.

Plaintiff Salim Oleochemicals, Inc. ("plaintiff" or "Salim") moves for reargument of this Court's Memorandum and Order entered on April 27, 2001 ("Order"),[1] referring the parties to arbitration in London, and, alternatively, for certification of immediate appeal under 28 U.S.C. 1292(b). Pursuant to this Court's Local Rules, a motion for reconsideration can be made "setting forth concisely the matters or controlling decision which counsel believes the court has overlooked." Local Rule 3(j). The only basis for a motion to reconsider is that the court has overlooked matters or controlling decisions which, had they been considered, might have "materially influenced the earlier decision." *Park South Tenants Corp. v. 200 Central Park South Associates*, 754 F.Supp. 352, 354 (S.D.N.Y.1991) (*citing Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985), *aff'd*, 941 F.2d 112 (2d Cir.1991)).

Plaintiff contends that this Court overlooked controlling authority concerning plaintiff's *in rem* claims against the M/V Shropshire. Specifically, plaintiff al-

---

1. Familiarity with this Court's April 27, 2001, Memorandum and Order is assumed.

leges that our conclusion that "the London arbitrator has jurisdiction over the bond and, accordingly, may arbitrate Salim's claims against the Shropshire," Order at 15, failed to take account of the fact that English law does not recognize *in rem* jurisdiction and, accordingly, that the English arbitrator cannot decide plaintiff's *in rem* claims.

However, the burden is on plaintiff to demonstrate that a London arbitrator applying English law may not adjudicate a claim against a bond which was issued to free a vessel from *in rem* arrest. *See Silgan Plastics Corp. v. M/V Nedlloyd Holland,* 1998 A.M.C. 2163, 1998 WL 193079, at *4 (S.D.N.Y.1998) ("Because a forum selection clause is deemed presumptively valid, the party seeking to avoid its enforcement has the burden of establishing the lessening of carrier's liability to a cargo owner under foreign law." [*citing Vimar Seguros y Reaseguros, S.A. v. M/V Sky REEFER,* 515 U.S. 528, 538, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995)]). Plaintiff has not met this burden. Courts within this district and without have repeatedly compelled foreign litigation or arbitration over plaintiffs' objections that the foreign forums do not recognize *in rem* claims. *See, e.g., Reed & Barton Corp., et. al. v. M.V. Tokio Express, et al.,* 1999 AMC 1088, 1999 WL 92608, at *3 (S.D.N.Y.1999) ("Plaintiffs contend that enforcement of the forum selection clause would deprive them of their substantive rights guaranteed by COGSA because German law does not recognize in rem actions and offers no forum to enforce their liens against the [the vessel]... German law [like English law]... appl[ies] an international convention and amending protocols together known as the Hague–Visby Rules, a fraternal equivalent of COGSA. The Hague–Visby Rules contain a provision... which [recognizes a vessel's liability]. Plaintiffs have not shown that application of the Hague–Visby Rules will in any way 'reduce the carrier's obligations... below what COGSA guarantees.'" [*quoting SKY REEFER,* 515 U.S. at 538, 115 S.Ct. at 2328]); *Thyssen, Inc. v. M/V Markos N, et al.,* 1999 A.M.C. 2515 (S.D.N.Y.1999) (enforcing forum selection clause to arbitrate *in rem* claim in London); *Fireman's Fund Insurance Company v. M.V. DSR ATLANTIC,* 131 F.3d 1336, 1339 (9th Cir. 1997), *cert denied* 525 U.S. 921, 119 S.Ct. 275, 142 L.Ed.2d 227 (1998) (refusing to invalidate forum selection clause despite the fact that the selected forum did not recognize *in rem* claims); *Mitsui & Co., Inc. v. Mira M/V, et al.,* 111 F.3d 33 (5th Cir.1997) (enforcing forum selection clause to adjudicate in London, *inter alia,* an *in rem* claim). In many instances, even when a foreign jurisdiction does not utilize *in rem* proceedings, it will still adjudicate the claim where, as here, a bond has been posted in lieu of the vessel's arrest. *See TOKIO EXPRESS,* 1999 WL 92608, at *3 ("Plaintiffs have not suggested any reason why the letter of undertaking will not secure any final judgment against the ship in rem. There is no reason to believe that the chosen forum, namely the courts of Hamburg, will not give effect to the private security agreement adopted by the parties.").

■ Finally, it is clear that when uncertainty exists over whether a selected foreign forum will arbitrate maritime claims in a manner that does not lessen plaintiff's rights under COGSA, the Supreme Court favors enforcing the foreign selection clause while retaining jurisdiction to review the result at the enforcement stage. *See Sky Reefer,* 515 U.S. at 539–40, 115 S.Ct. 2322 ("The District Court has retained jurisdiction over the case and 'will have the opportunity at the award-enforcement stage to ensure that the legitimate interest in the enforcement of the ... laws

has been addressed.' [citation omitted]"). Thus, we "close[ ] [this case] on the active docket of the Court without prejudice to the right of plaintiff to reopen it after the conclusion of the [English] proceedings if a final decision by a [English arbitrator] results in the reduction of the defendants' obligations in violation of COGSA...." *Silgan Plastics,* 1998 WL 193079, at *4.

·  In the alternative, plaintiff requests in that this Court certify the issues raised in its motion for summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). To qualify for interlocutory review under section 1292(b), a party must show (a) that there is a controlling question of law, (b) as to which there is substantial ground for difference of opinion, and (c) an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even assuming *arguendo* that the issue plaintiff raises is a "controlling question of law," this Court's decision on the motion to compel arbitration does not constitute a "substantial ground for difference of opinion." The issue presented was not "difficult and of first impression," *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990), nor have plaintiffs pointed .to a substantial split in Second Circuit district court rulings on the issue. *See Ayers v. Nat'l Vehicle Management Co., Inc.,* 1992 WL 321522 (W.D.N.Y.1992). Accordingly, defendant's request for interlocutory review is denied.

### CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is denied. The Clerk of the Court is asked to close the case on the Court's active docket without prejudice to the right of plaintiff to reopen it after the conclusion of the London arbitration proceedings if the final decision results in the reduction of the defendants'

obligations in violation of COGSA. Furthermore, plaintiff's request for certification for immediate appeal under 28 U.S.C. 1292(b) is denied.

**IT IS SO ORDERED.**