**Lynn KUCHARSKI, Plaintiff**

v.

**CORT FURNITURE RENTAL, Defendant.**

**No. 06cv358 (WWE).**

United States District Court, D. Connecticut.

July 2, 2008.

Frederick Paul Frangie, Robert M. Fortgang, Robert Fortgang Assoc., Simsbury, CT, for Plaintiff.

Charles F. Willson, Nevins & Nevins, East Hartford, CT, James P. Ferguson, Jr., Joseph A. Ciucci, Duane Morris LLP, Atlanta, GA, for Defendant.

### *RULING ON MOTION FOR RECONSIDERATION*

WARREN W. EGINTON, Senior District Judge.

In this action, plaintiff Lynn Kucharski alleges that she was terminated from her employment by defendant Cort Furniture Rental ("Cort") in violation of Title VII of the Civil Rights Act of 1964, the Connecticut Fair Employment Practices Act ("CFEPA"), and the Americans with Disabilities Act ("ADA"). In a prior ruling, this Court granted summary judgment on plaintiff's disability claims brought pursuant to the ADA and CFEPA, but denied summary judgment on her claim of pregnancy discrimination in violation of Title VII and CFEPA.

Defendant now seeks reconsideration of this Court's ruling that plaintiff should be entitled to proceed on her Title VII and CFEPA claims based on pregnancy discrimination. The Court will grant the motion for reconsideration.

### BACKGROUND

The Court assumes familiarity with the factual background of this case and incorporates herein the undisputed facts from its prior ruling.

### DISCUSSION

▉ Reconsideration may be granted in the discretion of the court when a party can point out an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error

or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992). A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. *Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P.,* 754 F.Supp. 352, 354 (S.D.N.Y.1991).

Defendant argues that plaintiff's claim of pregnancy discrimination cannot survive summary judgment under either a mixed-motive or a *McDonnell Douglas* burden-shifting analysis.

In denying summary judgment under either theory of discrimination, the Court noted the April 27 email from Jim Mas that stated that plaintiff would be terminated because of her inability to work due to complications from her pregnancy. The Court found that this message raised an inference of discriminatory animus. Upon review, the Court alters its analysis and will reverse its prior denial of summary judgment on the discrimination claim under both the mixed-motive and burden shifting analysis.

The Second Circuit has instructed that, on summary judgment, a district court must consider evidence in the context of whether any reasonable finder of fact could return a verdict in favor of the non-moving party. *See Higazy v. Templeton,* 505 F.3d 161, 168–169 (2d Cir.2007).

Under a mixed-motive theory, if plaintiff can establish that discrimination formed a motivating factor in the adverse employment action, defendant must show that it would have reached the same decision even in the absence of the impermissible factor. *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 93, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

By contrast, a case involving indirect evidence of discrimination is analyzed according to the burden-shifting process established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To establish a prima facie claim of discrimination, plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Although the plaintiff's initial burden is not onerous, she must show that her termination was not made for legitimate reasons. *Thomas v. St. Francis Hospital and Medical Ctr.,* 990 F.Supp. 81, 86 (D.Conn.1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

The plaintiff's burden of establishing a prima facie case is greater under the mixed-motive approach than under the pretext analysis. *Crews v. The Trs. of Columbia Univ.,* 452 F.Supp.2d 504, 521 (S.D.N.Y.2006). Thus, a plaintiff that fails on summary judgment under a pretext theory will also fail under a mixed-motive theory. *Berkowitz v. County of Orange,* 120 F.Supp.2d 386, 400 (S.D.N.Y.2000).

However, as prior courts have observed, the question whether plaintiff has established sufficient evidence from which a jury could find plaintiff to be a victim of discrimination remains the same regardless of a mixed motive or pretext analysis. *See Crews v. The Trustees of Columbia Univ.*, 452 F.Supp.2d at 522; *Jalal v. Columbia Univ.*, 4 F.Supp.2d 224, 234 (S.D.N.Y.1998) (considering ultimate issue without applying burden shifting analysis).

■■■ Defendant has submitted evidence in support of its assertion of non-discriminatory application of its leave policy to discharge employees unable to return to work after exhausting their leave. In her affidavit, Naomi Schmuckler, Senior Human Resources Manager for defendant, avers that Cort even-handedly applied its leave policy and consistently discharges employees who do not return to work after exhausting their leave time. She cites eleven individuals with names that indicate a male gender as having been administratively terminated because they were unable to return to work.

■■■ Plaintiff has failed to refute defendant's assertion that employees unable to work were discharged. Similarly, plaintiff has not shown that defendant made exceptions to the leave policy for nonpregnant individuals. Title VII does not require that an employer treat pregnant employees more favorably than nonpregnant employees. *See Piraino v. Int'l Orientation Res., Inc.*, 137 F.3d 987, 990 (7th Cir.1998) (plaintiff failed to show that she was treated less favorably than similarly situated non-pregnant employees).

Accordingly, the Court finds that defendant must prevail on the basis of its legitimate justification for plaintiff's termination and the absence of any inference of pretext. Taking the evidence as a whole, the Court cannot find that plaintiff has established evidence from which a jury could conclude that she was a victim of pregnancy discrimination. Accordingly, the Court will now grant summary judgment on plaintiff's Title VII and CFEPA pregnancy discrimination claim.

### CONCLUSION

For the foregoing reasons, the Motion for Reconsideration [doc. # 48] is GRANTED. The Court enters summary judgment in favor of defendant on plaintiff's Title VII and CFEPA claims.

The clerk is instructed to enter judgment in defendant's favor and to close this case.